UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEPHEN A. YANG,
                  Plaintiff,

- against -

COMBO VENTURES LLC,
                  Defendant.

Docket No. 17-cv-02834

JURY TRIAL DEMANDED

# COMPLAINT

Plaintiff Stephen Yang ("Yang" or "Plaintiff"), by and through his undersigned counsel, as and for his Complaint against Defendant Combo Ventures LLC ("Combo" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two (2) copyrighted photographs of Jonathan Zurbel and his cat Samson, owned and registered by Yang, a New York City-based photojournalist. Accordingly, Yang seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or is doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Yang is a professional photojournalist in the business of licensing his photographs to online, print, and television media outlets for a fee, having a usual place of business at 270 Empire Blvd, #1K, Brooklyn, New York 11225. Yang's photographs have appeared in many publications around the United States.

6. Upon information and belief, Combo is a limited liability company duly organized and existing under the laws of the State of New York, with a place of business at 1401 Ocean Avenue, 4J, Brooklyn, NY 11230. Upon information and belief, Combo is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Combo has owned and operated a website at the following URL: www.damn.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photographs**

7. On August 6, 2016, Yang photographed Jonathan Zurbel and his 28lb. cat Samson in Zurbel's Williamsburg apartment (the "Photographs"). True and correct copies of the Photographs are attached hereto as Exhibit A.

8. Yang then licensed the Photographs to the New York Post. On August 6, 2016, the New York Post ran an article that featured the Photographs on its web edition entitled, *Meet Samson—the biggest cat in NYC*. See http://nypost.com/2016/08/06/meet-samson-the-biggest-cat-in-nyc/. Yang's name was featured in a gutter credit identifying him as the photographer of

the Photographs. True and correct copies of the Photographs, as shown in the article, are attached hereto as Exhibit B.

9. Yang is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with the U.S. Copyright Office and were given pending Copyright Registration Number 1-4015188856. See Exhibit C.

**B.  Defendant's Infringing Activities**

11. Upon information and belief, sometime in August 2016, Combo ran an article on the Website entitled *The Largest Cat In NYC Who Weighs 28 Lbs And Is Larger Than Most Bobcats*. See http://damn.com/largest-cat-nyc-weighs-28-lbs-larger-bobcats/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit D.

12. Combo did not license the Photographs from Plaintiff for its article, nor did Combo have Plaintiff's permission or consent to publish the Photographs on its Website.

13. Upon information and belief, Combo removed Yang's gutter credit and did not attribute the Photographs to anyone.

## FIRST CLAIM FOR RELIEF
## (COPYRIGHT INFRINGEMENT AGAINST COMBO)
## (17 U.S.C. §§ 106, 501)

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Combo infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Combo is not, and has never been, licensed or otherwise authorized to reproduce, publicly display, distribute and/or use the Photographs.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the aforementioned acts of infringement by Combo have been willful, intentional, and purposeful, in disregard of and with indifference to Plaintiff's rights.

18. As a result of Defendant's infringement of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to recover his damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF
### INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST COMBO
### (17 U.S.C. § 1202)

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photographs were published in an article in the New York Post, the article contained copyright management information under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Combo intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photographs.

25. The conduct of Combo violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Combo's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Combo intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photographs. Combo also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal its infringement of Plaintiff's copyrights in the Photographs.

28. As a result of the wrongful conduct of Combo as alleged herein, Plaintiff is entitled to recover from Combo the damages that he sustained and will sustain, and any gains, profits and advantages obtained by Combo because of its violations of 17 U.S.C. §1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Combo statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Combo be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Combo be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That, with regard to the First Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).


Dated: March 9, 2017
        Valley Stream, New York

                               LIEBOWITZ LAW FIRM, PLLC

                               By: /s/ Kamanta C. Kettle
                                      Kamanta C. Kettle
                                      11 Sunrise Plaza, Suite 305
                                      Valley Stream, New York 11580
                                      Telephone: (516) 233-1660
                                      KK@LiebowitzLawFirm.com

                               *Attorney for Plaintiff Stephen A. Yang*